## JAMES DANA vs. ELIZA A. TAYLOR.

Middlesex.    April 3, 1889. — September 5, 1889.

Present: MORTON, C. J., FIELD, DEVENS, W. ALLEN, & HOLMES, JJ.

*Insolvent Debtor — Fraudulent Conveyance — Real Action — Compromise —
Entry of " Neither Party " — Accord and Satisfaction.*

An assignee in insolvency brought a writ of entry to recover land conveyed in fraud of creditors, and, being duly authorized to compromise the action upon payment of costs by the tenant, entered into an agreement in writing with the tenant that the entry of "neither party" might be made; and the tenant paid the costs. *Held*, that there was evidence of accord and satisfaction of the cause of action.

WRIT OF ENTRY, dated January 22, 1887, brought by the assignee in insolvency of one Taylor, an insolvent debtor, to recover possession of a parcel of land in Melrose, as conveyed to the tenant in fraud of creditors. At the trial in the Superior Court, before *Bishop*, J., there was evidence tending to show the following facts.

On January 26, 1881, Taylor conveyed the demanded premises to a third person, who simultaneously conveyed them to the tenant, without any consideration passing between them. Taylor began proceedings in insolvency on January 26, 1881, whereupon one Williams was first appointed his assignee. On April 4, 1883, Williams brought a writ of entry to recover the land in question, as fraudulently conveyed to the tenant; and on April 24, 1886, petitioned the Court of Insolvency for leave to compromise that action by the entry of "neither party," upon the payment of costs by the tenant. The petition was granted; and on June 5, 1886, an agreement signed by the parties was filed in that action, reciting, "In the above entitled action it is hereby agreed that entry of neither party may be made"; and the costs of that action were thereupon paid to Williams on behalf of the tenant. The judge ruled that the evidence did not show that any compromise had been made of the former action which would constitute a bar to the present action, and refused to submit this branch of the case to the jury.

The jury returned a verdict for the plaintiff; and the defendant alleged exceptions.

*O. T. Gray*, for the tenant.

*A. V. Lynde & W. P. Harding*, for the demandant.

W. ALLEN, J. The ruling of the court below, that the evidence did not show that any compromise had been made of the former suit which would constitute a defence to this action, upon which the question was taken from the jury, cannot, we think, be sustained.

The claim made by the assignee in this and in the former action was to recover from the tenant certain property alleged to have been conveyed to her by the insolvent in fraud of his creditors. The authority of the assignee to compromise and settle the claim was not questioned in the argument. If the tenant paid the costs of the former action, under the agreement that, in consideration of such payment, the assignee would give up the right he claimed, and would not again sue upon it, there would be sufficient proof of accord and satisfaction of the cause of action. The question between the parties was whether the land had been fraudulently conveyed; and that is a controversy which can be settled by a payment under a parol agreement, although it may incidentally affect the title to the land and the right to try the question in a real action to recover the land.

The agreement of the parties in writing, that nonsuit and default should be entered in the action, does not exclude evidence of an agreement that the tenant should pay the costs of the suit, and that in consideration thereof the demandant should give up his claim that the land had been fraudulently conveyed, and should not bring another action to recover it on that ground. Whether that was the understanding under which the money was paid was a question for the jury to determine, under the instructions of the court.

*Exceptions sustained.*